# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| DIANE HOLT MOORE,    )<br>        Plaintiff,    )<br>                    )<br>v.                    )<br>                    )<br>2NDS IN BUILDING MATERIALS,    )<br>INC., *dba Southeastern Salvage,*    )<br>*and* RICHARD D. LISKA,    )<br>        Defendants.    )  | CIVIL ACTION NO. 1:24-00272-KD-N |

## REPORT AND RECOMMENDATION

This civil action is before the undersigned Magistrate Judge on review *sua sponte* of the Court's subject-matter jurisdiction.[1] This case was removed from the Circuit Court of Mobile County, Alabama, under 28 U.S.C. § 1441 by Defendant 2nds in Building Materials, Inc. ("2IBM"), with the Notice of Removal (Doc. 1) alleging diversity of citizenship under 28 U.S.C. § 1332(a) as the sole basis for the Court's subject matter jurisdiction. *See* 28 U.S.C. § 1446(a) ("A defendant or defendants

---

[1]  "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."  *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id. See also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

"[R]emoval jurisdiction is no exception to a federal court's obligation to inquire into its own jurisdiction." *Univ. of S. Ala.*, 168 F.3d at 410. "[T]here is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal…containing a short and plain statement of the grounds for removal…"); *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997) (generally, "[i]n a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).").

Where, as here, a case is removed from state court, "[t]he burden of establishing subject matter jurisdiction falls on the party invoking removal." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411–12 (11th Cir. 1999). *Accord, e.g.*, *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction."). "A defendant may remove an action to a district court that would have original jurisdiction if complete diversity between the parties exists and the amount in controversy exceeds $75,000." *City of Vestavia Hills*, 676 F.3d at 1313 (citing 28 U.S.C. § 1332). "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). "A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). *See also, e.g.*, *Ray v. Bird & Son & Asset Realization Co., Inc.*, 519 F.2d 1081, 1082 (5th Cir. 1975) ("The burden of pleading

diversity of citizenship is upon the party invoking federal jurisdiction . . ." (citing *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974)).[2]

In its notice of removal, 2IMB concedes that Defendant Richard D. Liska is not diverse from the Plaintiff—both are alleged to be citizens of Alabama (*see* Doc. 1 ¶¶ 15, 17, PageID.4)—but argues that, because Liska had not been properly served with process at the time of removal, his citizenship is disregarded for purposes of removal under the "forum defendant rule" in 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity] jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). However, this Court has previously rejected the argument that the procedural "forum defendant rule" creates an exception to the jurisdictional requirement of complete diversity among the parties under § 1332(a), *see Walker v. Yearling*, No. CV 1:21-00046-KD-N, 2021 WL 1015845 (S.D. Ala. Feb. 23, 2021) (Nelson, M.J.), *report and recommendation adopted*, 2021 WL 982637 (S.D. Ala. Mar. 16, 2021) (DuBose, J.); *accord Miller v. Walgreen Co.*, No. CV 1:23-00368-KD-N, 2023 WL 6316153, at *2 (S.D. Ala. Sept. 28, 2023) (Nelson, M.J.), as have at least two courts of appeal. *In re Levy*, 52 F.4th 244, 246 (5th Cir. 2022) (per curiam) ("By reading §§ 1441(b)(2) and 1332(a) together, we know that removal under § 1441(b)(2) is permissible only if

---

[2] On "October 1, 1981 pursuant to the Fifth Circuit Court of Appeals Reorganization Act of 1980, P.L. 96-452, 94 Stat. 1995, … the United States Court of Appeals for the Fifth Circuit was divided into two circuits, the Eleventh and the 'new Fifth.' " *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc). "The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981." *Smith v. Shook*, 237 F.3d 1322, 1325 n.1 (11th Cir. 2001) (per curiam).

complete diversity exists among all named parties: Each plaintiff must be diverse from each defendant, i.e., there must be what is known as complete diversity…[T]he complete-diversity requirement cannot be circumvented through failure to serve a party that would otherwise destroy complete diversity." (quotation marks omitted)); *M & B Oil, Inc. v. Federated Mut. Ins. Co.*, 66 F.4th 1106, 1110 (8th Cir. 2023) ("[S]nap removal cannot cure a lack of complete diversity. Remember that the forum-defendant rule only applies when the case is, in the words of the statute, 'otherwise removable,' meaning there is 'original jurisdiction.' 28 U.S.C. § 1441(a), (b)(2). It then *adds* a further limitation based on the citizenship of the defendant. It does not *subtract* the requirement that the parties be completely diverse. Indeed,…the forum-defendant rule is not jurisdictional at all. Violating it does not destroy jurisdiction. Complying with it cannot create jurisdiction either. Snap removal or not, an absence of complete diversity makes a federal forum unavailable." (citations omitted)). *See also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84, 126 S. Ct. 606, 163 L. Ed. 2d 415 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, *and* no defendant is a citizen of the forum State." (emphasis added)); *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir.), *amended on denial of reh'g*, 250 F.3d 997 (6th Cir. 2001) ("*Where there is complete diversity of citizenship*,…the inclusion of an unserved resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)." (emphasis added)). 2IBM's notice of removal offers no argument or authority that convinces the undersigned to depart from that reasoning here.[3]

_____

[3] 2IBM appears to suggest that Liska should be considered dismissed as a party because he was not properly served within 120 days of the filing of the complaint in

By order entered August 7, 2024 (Doc. 3), the undersigned explained the foregoing, and granted 2IBM until August 21, 2024, to file any briefing showing cause why this case should not be remanded *sua sponte* for lack of subject-matter jurisdiction for those reasons. To date, 2IBM has not done so, nor has it requested additional time to do so. Thus, as 2IBM concedes that complete diversity of citizenship is lacking,[4] this Court does not have subject-matter jurisdiction under § 1332(a). 2IBM has also not alleged an alternative basis for subject-matter jurisdiction, and none is apparent from the record. Accordingly, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S), the undersigned **RECOMMENDS** that the Court **REMAND** this case *sua sponte* to the Circuit Court of Mobile County, Alabama, for lack of subject-matter jurisdiction under 28 U.S.C. § 1447(c) ("If at any time before final judgment it

---

accordance with Alabama Rule of Civil Procedure 4(b). However, that rule is neither mandatory or self-effectuating, but instead provides that "the court, upon motion or on its own initiative, after at least fourteen (14) days' notice to the plaintiff, *may* dismiss the action without prejudice as to the defendant upon whom service was not made or direct that service be effected within a specified time…" (emphasis added). Nothing in the state court record attached to the notice of removal indicates that the state court ever dismissed Liska as a party to the case prior to removal. To the extent 2IBM may argue that this Court can cure lack of diversity of citizenship by dismissing Liska post-removal, that argument is meritless, as "jurisdictional facts are evaluated as they stand at the time of removal." *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014). *Accord, e.g.*, *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (Courts "assess jurisdictional facts at the time of removal."). *Cf.Poore v. Am.-Amicable Life Ins. Co. of Texas*, 218 F.3d 1287, 1290–91 (11th Cir. 2000), *overruled on other grounds as recognized in Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639 (11th Cir. 2007) (per curiam) ("[T]he district court must determine whether it had subject matter jurisdiction at the time of removal. That is, events occurring after removal…do not oust the district court's jurisdiction.").

[4] 2IBM does not allege that Liska has been fraudulently joined in this action, or argue any other basis for disregarding Liska's citizenship.

appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **12**th day of **September 2024**.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**